United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

XORIANT CORPORATION,

              Petitioner,

     v.

UNITED STATES OF AMERICA,

              Respondent.

IDEA SOLUTIONS, INC.,

              Petitioner,

     v.

UNITED STATES OF AMERICA,

              Respondent.

Case Nos.  5:14-mc-80115 EJD;
5:14-mc-80116 EJD

**ORDER GRANTING RESPONDENT'S
MOTIONS TO DISMISS**

## I.   INTRODUCTION

On April 7, 2014, Revenue Officer S. McKnight issued two administrative summonses from the Internal Revenue Service's ("IRS") office in Edison, New Jersey - one to Petitioner Xoriant Corporation ("Xoriant") and one to Petitioner Idea Solutions, Inc. ("Idea Solutions") - in the course of an investigation of Versatech Consulting, Inc. ("Versatech").  Both summonses required Xoriant and Idea Solutions to produce documents related to the companies' interactions with Versatech.

1    In response, Xoriant and Idea Solutions initiated the above-captioned actions by filing

2  nearly identical Petitions to Quash the Summonses.  The United States of America (the

3  "Government"), the named respondent in both actions, filed the Motions to Dismiss presently

4  before the court.  The Government argues under Federal Rule of Civil Procedure 12(b)(1) that this

5  court lacks subject matter jurisdiction because neither Xoriant nor Idea Solutions may assert a pre-

6  enforcement challenge to the IRS summonses.

7    The court has carefully reviewed these matters and finds them suitable for determination

8  without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearings scheduled

9  for October 31, 2014, will be vacated.  Because Xoriant and Idea Solutions have not sufficiently

10  demonstrated a basis for subject matter jurisdiction over these proceedings, the Government's

11  motions will be granted for the reasons explained below.

12  **II.    LEGAL STANDARD**

13       **A.    Federal Rule of Civil Procedure 12(b)(1)**

14    A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject

15  matter jurisdiction and may be facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.

16  2004).  In a facial attack such as this one, "the challenger asserts that the allegations contained in a

17  complaint [or petition] are insufficient on their face to invoke federal jurisdiction." Safe Air for

18  Everyone v. Meyer,  373 F.3d 1035, 1039 (9th Cir. 2004).   "[A] court must assume the facts

19  alleged in the complaint [or petition] to be true unless the allegations are controverted by exhibits

20  attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by

21  the complaint and whose authenticity no party questions." Bautista-Perez v. Holder, 681 F. Supp.

22  2d 1083, 1086-87 (N.D. Cal. 2009).

23    Ultimately, "[a] party invoking the federal court's jurisdiction has the burden of proving

24  the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353

25  (9th Cir. 1996).

26       **B.    Sovereign Immunity**

27    The Government's motions are based on sovereign immunity.  "It is well settled that the

28
2
Case Nos.: 5:14-mc-80115 EJD; 5:14-mc-80116 EJD
ORDER GRANTING RESPONDENT'S MOTIONS TO DISMISS

United States District Court
Northern District of California

1   United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such

2   immunity and consented to be sued." <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).

3   Any waiver of sovereign immunity must be "unequivocally expressed," and will be strictly

4   construed in favor of the sovereign.  <u>United States v. Nordic Vill. Inc.</u>, 503 U.S. 30, 34 (1992).

5   "Where a suit has not been consented to by the United States, dismissal of the action is required."

6   <u>Gilbert</u>, 756 F.2d at 1458 (citing <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1327 (9th Cir.

7   1982)).

8   **III.    DISCUSSION**

9          Pursuant to 26 U.S.C. § 7602, the IRS may during a tax investigation summon a taxpayer,

10   any officer or employee of such person, or really any other person the IRS deems proper, to appear

11   and produce records or provide testimony.  § 7602(a)(2).

12          When the IRS' investigation leads it to summon third parties "on suspicion that the

13   taxpayer may be trying to conceal assets in the accounts, holdings, or property of the third party,"

14   the IRS must then "determine whether either the taxpayer or the third party account owner is

15   entitled to notice of the summons."  <u>Viewtech, Inc. v. United States</u>, 653 F.3d 1102, 1104 (9th Cir.

16   2011).  Another statute, 26 U.S.C. § 7609, describes who is entitled to such notice.  "Section 7609

17   provides generally that if the IRS asks the person summoned . . . for specified information relating

18   to a person identified in the summons . . . the IRS must give that third person notice of the

19   summons."  <u>Id</u>. (citing § 7609(a)).   At the same time, § 7609 provides exceptions to the notice

20   requirement, which are important "because only a person who is entitled to notice may bring a

21   proceeding to quash such a summons."  <u>Id</u>. (citing § 7609(b)(2)(A)); <u>see also</u> § 7609(c)(2) (listing

22   notice exclusions).

23          Here, the issue presented is whether Xoriant and Idea Solutions - as the summoned parties,

24   or those directly subject to a § 7602 subpoena - may initiate quashal proceedings as a person

25   entitled to notice of a summons under § 7609.  The Government argues that a close reading §

26   7609(a) reveals that the summoned party is excluded from the category of individuals and entities

27   entitled to notice, and by extension summoned parties are prohibited from filing subpoena

28
     Case Nos.: 5:14-mc-80115 EJD; 5:14-mc-80116 EJD
     ORDER GRANTING RESPONDENT'S MOTIONS TO DISMISS

1    challenges.

2        The portion of § 7609 relied upon by the Government states:

3            If any summons to which this section applies requires the giving of
             testimony on or relating to, the production of any portion of records
4            made or kept on or relating to, or the production of any computer
             software source code . . . with respect to, any person *(other than the*
5            *person summoned)* who is identified in the summons, then notice of
             the summons shall be given to any person so identified within 3
6            days of the day on which such service is made, but no later than the
             23rd day before the day fixed in the summons as the day upon which
7            such records are to be examined.

8    26 U.S.C. § 7609(a)(1) (emphasis added).

9        In the context of the entire statute, the plain meaning of § 7609(a)(1) is this: the IRS must

10   give notice to any person whose records are sought from a third-party if that person is not

11   excluded from notice by § 7609(c)(2), but need not give any "notice" to the summoned party

12   outside of the subpoena itself.  The functional effect of § 7609, then, is to preclude a summoned

13   party from filing a motion to quash, since only persons entitled to some notice separate from the

14   subpoena may initiate such a challenge.  See Viewtech, 653 F.3d at 1104; see also 26 U.S.C. §

15   7609(b)(2)(A) ("any person who is entitled to notice of a summons under subsection (a) shall have

16   the right to begin a proceeding to quash such summons . . . .").  Other courts have reached a

17   similar conclusion.  See, e.g., Woodruff v. United States Dep't of Treasury, No. 2:10-mc-513-TS-

18   PMW, 2010 U.S. Dist. LEXIS 62181, at *1-2, 2010 WL 2521401 (D. Utah June 22, 2010) ("It is

19   well settled that the Internal Revenue Code does not authorize a summoned party to institute pre-

20   enforcement court proceedings to quash an IRS summons and that federal district courts do not

21   have jurisdiction to hear pre-enforcement challenges to IRS summonses."); Found. of Human

22   Understanding v. United States, No. 01-3052-AA, 2001 U.S. Dist. LEXIS 16328, at *1-3, 2001

23   WL 1386051 (D. Or. Sept. 6, 2001) ("I find no authority in these sections providing a summoned

24   party with a right to institute court proceedings to quash the summons.").

25       Xoriant and Idea Solutions argue for an alternative interpretation of § 7609(a), but such

26   argument is unpersuasive.  The fact that the IRS is seeking the documents of Xoriant and Idea

27   Solutions and lists both entities in the body of the summonses does not make either of them a

28
                                                        4
     Case Nos.: 5:14-mc-80115 EJD; 5:14-mc-80116 EJD
     ORDER GRANTING RESPONDENT'S MOTIONS TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  "person so identified" for notice  purposes because the summoned party is directly excluded from

2  notice by the parenthetical which precedes that phrase.

3        Their remaining arguments are similarly misplaced.  The fact that the Government may

4  request sanctions in a potential enforcement proceeding neither overcomes the bar imposed by

5  sovereign immunity nor is it sufficient for to satisfy the Article III case or controversy

6  requirement.  See Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for

7  adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed

8  may not occur at all."); see also Bova v. City of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009)

9  (explaining that if contingent events do not occur, "the plaintiff likely will not have suffered an

10  injury that is concrete and particularized enough to establish the first element of standing.").  This

11  argument has also been rejected by the Supreme Court.  Reisman v. Caplin, 375 U.S. 440, 447-49

12  (1964).  Furthermore, without subject matter jurisdiction, the court cannot at this time entertain

13  any challenges to the substance of the summonses.  Xoriant and Idea Solutions can make those

14  arguments "before the Revenue Agent, or when the United States seeks enforcement of the

15  summons."  Found. of Human Understanding, 2001 U.S. Dist. LEXIS 16328, at *2.

16        In the end, the court concurs with the Government that Xoriant and Idea Solutions cannot

17  identify in § 7609 some "unequivocal waiver" sufficient to overcome the sovereign immunity bar.

18  Nor have they demonstrated a present controversy ripe for adjudication.  Accordingly, these

19  actions must be dismissed for lack of subject matter jurisdiction.

20  **IV.   ORDER**

21        Based on the foregoing, the hearings scheduled for October 31, 2014, are VACATED.

22  The Government's Motions to Dismss are GRANTED.  The Petitions to Quash Summons filed by

23  Xoriant in Case No. 5:14-mc-80115 EJD and Idea Solutions in Case No. 5:14-mc-80116 EJD are

24  each DISMISSED for lack of subject matter jurisdiction.

25        **IT IS SO ORDERED.**

26  Dated:  October 28, 2014

                                    _____

27                                EDWARD J. DAVILA
                              United States District Judge

28

Case Nos.: 5:14-mc-80115 EJD; 5:14-mc-80116 EJD
ORDER GRANTING RESPONDENT'S MOTIONS TO DISMISS